UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

CASE NO.: 4:24-cv-00029-RH-MAF

ERIC EALY and DARRELL JAMES,

    Plaintiffs,

vs.

WEBBER INFRASTRUCTURE
MANAGMEENT, INC. F/K/A FERROVIAL
SERVICES INFRASTRUCTURE, INC.,

    Defendant.
_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

The defendant, Webber Infrastructure Management, Inc. f/k/a Ferrovial Services Infrastructure, Inc., files this Answer and Affirmative Defenses to the plaintiffs' Complaint ("Complaint") filed by the plaintiffs, Eric Ealy and Darrell James ("the plaintiffs").

### Introduction

1.     The defendant admits that the plaintiffs are black men. All remaining allegations are denied.

2.     The defendant admits that the plaintiffs are seeking money, but it denies that either plaintiff was treated unlawfully or in violation of any federal or state statute, or that the defendant has unlawfully deprived either plaintiff of his personal dignity or his right to pursue equal employment opportunities.

### Parties

3.     The defendant admits that plaintiff Ealy is a black man. The defendant is without sufficient information to either admit or deny the remaining allegations contained in paragraph 3.

4. The defendant admits that plaintiff James is a black man. The defendant is without sufficient information to either admit or deny the remaining allegations contained in paragraph 3.

5. The defendant denies that it is a Texas for-profit corporation. All remaining allegations are admitted.

6. Admitted.

7. The defendant admits that it is subject to the FCRA.

8. Admitted.

### Jurisdiction and Venue

9. Admitted.

10. The defendant admits only that venue is proper in this Court. All remaining allegations are denied.

### Administrative Prerequisites

11. The defendant is without sufficient knowledge to either admit or deny the allegations contained in paragraph 11.

12. Admitted, upon information and belief.

13. Admitted, upon information and belief.

### Factual Allegations

### Plaintiff Ealy's Employment with Defendant

14. The defendant admits that plaintiff Ealy was hired by the defendant on March 22, 2022 as a Maintenance Technician. All remaining allegations are denied.

15. Denied.

16. Admitted.

17. Admitted.

18. Admitted.

19. Denied.

20. Admitted as to Messrs. Flowers and Bearden, and Juan Garcia.

21. Admitted.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

## Plaintiff James' Employment with Defendant

40. The defendant admits that plaintiff Ealy was hired by the defendant on July 22, 2022 as a Maintenance Technician. All remaining allegations are denied.

41. Denied.

42. Admitted.

43. Admitted as to Messrs. Flowers and Bearden, and Juan Garcia.

44. Admitted.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

## Defendant's Unlawful Retaliation Against Plaintiffs

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

4

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. The defendant admits that Mr. Bearden sent the plaintiffs home from work. All remaining allegations are denied.

71. Admitted.

72. Denied.

73. Denied.

74. Admitted.

75. Denied.

76. Denied.

77. Denied.

78. The defendant admits that Ms. Wessel conducted an investigation into the plaintiffs' insubordinate behavior. All remaining allegations are denied.

79. Denied.

80. Admitted.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

**Causes Of Action**
**Count I 42 U.S.C. § 1981**
**Race and Color Discrimination (Plaintiff Ealy against Defendant)**

90. The defendant re-alleges and re-avers its responses to paragraphs 14 through 89 as if fully set forth herein.

91. The defendant admits that plaintiff Ealy has accurately quoted a portion of Section 1981. The defendant denies, however, that plaintiff Ealy has properly brought this action, that the defendant has engaged in any unlawful actions or otherwise violated any statutory law or common law, or that plaintiff Ealy is entitled to any relief whatsoever.

92. The defendant admits that plaintiff Ealy has accurately quoted a portion of Section 1981. The defendant denies, however, that plaintiff Ealy has properly brought this action, that the defendant has engaged in any unlawful actions or otherwise violated any statutory law or common law, or that plaintiff Ealy is entitled to any relief whatsoever.

93. Admitted.

94. The allegations in paragraph 94 are legal conclusions to which no response is

required. To the extent a response is required, the defendant denies the allegations.

95. Denied.

96. Denied.

97. Denied.

98. Denied.

99. Denied.

100. The defendant admits that plaintiff Ealy is demanding money from the defendant, but it denies that plaintiff Ealy has properly brought this action, that the defendant has engaged in any unlawful actions or otherwise violated any statutory law or common law, or that plaintiff Ealy is entitled to any relief whatsoever.

101. Denied.

102. Denied.

103. Admitted.

**Count II 42 U.S.C. § 1981**
**Hostile Work Environment (Plaintiff Ealy against Defendant)**

104. The defendant re-alleges and re-avers its responses to paragraphs 14 through 89 as if fully set forth herein.

105. The defendant admits that plaintiff Ealy has accurately quoted a portion of Section 1981. The defendant denies, however, that plaintiff Ealy has properly brought this action, that the defendant has engaged in any unlawful actions or otherwise violated any statutory law or common law, or that plaintiff Ealy is entitled to any relief whatsoever.

106. The defendant admits that plaintiff has accurately quoted a portion of Section 1981. The defendant denies, however, that plaintiff Ealy has properly brought this action, that the defendant has engaged in any unlawful actions or otherwise violated any statutory law or common

law, or that plaintiff Ealy is entitled to any relief whatsoever.

    107.    Admitted.

    108.    Denied.

    109.    Denied.

    110.    Denied.

    111.    Denied.

    112.    Denied.

    113.    Denied.

    114.    The defendant admits that plaintiff Ealy is demanding money from the defendant, but it denies that plaintiff Ealy has properly brought this action, that the defendant has engaged in any unlawful actions or otherwise violated any statutory law or common law, or that plaintiff Ealy is entitled to any relief whatsoever..

    115.    Denied.

    116.    Denied.

    117.    Admitted.

### Count III § 1981
### Retaliation (Plaintiff Ealy against Defendant)

    118.    The defendant re-alleges and re-avers its responses to paragraphs 14 through 89 as if fully set forth herein.

    119.    The defendant admits that plaintiff Ealy has accurately quoted a portion of Section 1981. The defendant denies, however, that plaintiff Ealy has properly brought this action, that the defendant has engaged in any unlawful actions or otherwise violated any statutory law or common law, or that plaintiff Ealy is entitled to any relief whatsoever.

    120.    The defendant admits that plaintiff Ealy has accurately quoted a portion of Section

1981. The defendant denies, however, that plaintiff Ealy has properly brought this action, that the defendant has engaged in any unlawful actions or otherwise violated any statutory law or common law, or that plaintiff Ealy is entitled to any relief whatsoever.

121. The allegations in paragraph 121 are legal conclusions to which no response is required. To the extent a response is required, the defendant denies the allegations.

122. Denied.

123. Denied.

124. Denied.

125. Denied.

126. Denied.

127. Denied.

128. Denied.

129. Denied.

130. Denied.

131. Denied.

132. Denied.

133. Denied.

134. Denied.

135. Denied.

136. The defendant admits that plaintiff Ealy is demanding money from the defendant, but it denies that plaintiff Ealy has properly brought this action, that the defendant has engaged in any unlawful actions or otherwise violated any statutory law or common law, or that plaintiff Ealy is entitled to any relief whatsoever.

137. Denied.

138. Denied.

139. Denied.

140. Admitted.

## Count IV § 1981
### Race and Color Discrimination (Plaintiff James against Defendant)

141. The defendant re-alleges and re-avers its responses to paragraphs 14 through 89 as if fully set forth herein.

142. The defendant admits that plaintiff James has accurately quoted a portion of Section 1981. The defendant denies, however, that plaintiff James has properly brought this action, that the defendant has engaged in any unlawful actions or otherwise violated any statutory law or common law, or that plaintiff James is entitled to any relief whatsoever.

143. The defendant admits that plaintiff James has accurately quoted a portion of Section 1981. The defendant denies, however, that plaintiff James has properly brought this action, that the defendant has engaged in any unlawful actions or otherwise violated any statutory law or common law, or that plaintiff James is entitled to any relief whatsoever.

144. Admitted.

145. The allegations in paragraph 145 are legal conclusions to which no response is required. To the extent a response is required, the defendant denies the allegations.

146. Denied.

147. Denied.

148. Denied.

149. Denied.

150. Denied.

151. The defendant admits that plaintiff James is demanding money from the defendant, but it denies that plaintiff James has properly brought this action, that the defendant has engaged in any unlawful actions or otherwise violated any statutory law or common law, or that plaintiff James is entitled to any relief whatsoever.

152. Denied.

153. Denied.

154. Admitted.

## Count V § 1981
### Hostile Work Environment (Plaintiff James against Defendant)

155. The defendant re-alleges and re-avers its responses to paragraphs 14 through 89 as if fully set forth herein.

156. The defendant admits that plaintiff James has accurately quoted a portion of Section 1981. The defendant denies, however, that plaintiff James has properly brought this action, that the defendant has engaged in any unlawful actions or otherwise violated any statutory law or common law, or that plaintiff James is entitled to any relief whatsoever.

157. The defendant admits that plaintiff James has accurately quoted a portion of Section 1981. The defendant denies, however, that plaintiff James has properly brought this action, that the defendant has engaged in any unlawful actions or otherwise violated any statutory law or common law, or that plaintiff James is entitled to any relief whatsoever.

158. Admitted.

159. Denied.

160. Denied.

161. Denied.

162. Denied.

163. Denied.

164. Denied.

165. The defendant admits that plaintiff James is demanding money from the defendant, but it denies that plaintiff James has properly brought this action, that the defendant has engaged in any unlawful actions or otherwise violated any statutory law or common law, or that plaintiff James is entitled to any relief whatsoever.

166. Denied.

167. Denied.

168. Admitted.

### Count VI § 1981
### Retaliation (Plaintiff James against Defendant)

169. The defendant re-alleges and re-avers its responses to paragraphs 14 through 89 as if fully set forth herein.

170. The defendant admits that plaintiff James has accurately quoted a portion of Section 1981. The defendant denies, however, that plaintiff James has properly brought this action, that the defendant has engaged in any unlawful actions or otherwise violated any statutory law or common law, or that plaintiff James is entitled to any relief whatsoever.

171. The defendant admits that plaintiff James has accurately quoted a portion of Section 1981. The defendant denies, however, that plaintiff James has properly brought this action, that the defendant has engaged in any unlawful actions or otherwise violated any statutory law or common law, or that plaintiff James is entitled to any relief whatsoever.

172. The allegations in paragraph 172 are legal conclusions to which no response is required. To the extent a response is required, the defendant denies the allegations.

173. Denied.

174. Denied.

175. Denied.

176. Denied.

177. Denied.

178. Denied.

179. Denied.

180. Denied.

181. Denied.

182. Denied.

183. Denied.

184. Denied.

185. Denied.

186. Denied.

187. Denied.

188. The defendant admits that plaintiff James is demanding money from the defendant, but it denies that plaintiff James has properly brought this action, that the defendant has engaged in any unlawful actions or otherwise violated any statutory law or common law, or that plaintiff James is entitled to any relief whatsoever.

189. Denied.

190. Denied.

191. Admitted.

## Count VII § 760.10(1), Fla. Sta.
### Race and Color Discrimination (Plaintiff Ealy against Defendant)

183. The defendant re-alleges and re-avers its responses to paragraphs 14 through 89 as

if fully set forth herein.[1]

184. The defendant admits that plaintiff Ealy has summarized a portion of the FCRA. The defendant denies, however, that plaintiff Ealy has properly brought this action, that the defendant has engaged in any unlawful actions or otherwise violated any statutory law or common law, or that plaintiff Ealy is entitled to any relief whatsoever.

185. Admitted.

186. The allegations in paragraph 186 are legal conclusions to which no response is required. To the extent a response is required, the defendant denies the allegations.

187. Denied.

188. Denied.

189. Denied.

190. Denied.

191. Denied.

192. Denied.

193. Denied.

194. Admitted.

**Count VIII § 760.10(1), Fla. Sta.**
**Hostile Work Environment (Plaintiff Ealy against Defendant)**

195. The defendant re-alleges and re-avers its responses to paragraphs 14 through 89 as if fully set forth herein.

196. The defendant admits that plaintiff Ealy has summarized a portion of the FCRA. The defendant denies, however, that plaintiff Ealy has properly brought this action, that the

---

[1] Due to an "oversight" by plaintiffs' counsel, the numbering of the paragraphs is not sequential in that after paragraph no. 191 of the Complaint, the next paragraph is no. 183. In order to be consistent with the numbering in the Complaint and avoid any confusion, the defendant has adopted the numbering order used by the plaintiffs.

defendant has engaged in any unlawful actions or otherwise violated any statutory law or common law, or that plaintiff Ealy is entitled to any relief whatsoever.

197. Admitted.

198. Denied.

199. Denied.

200. Denied.

201. Denied.

202. Denied.

203. Denied.

204. Denied.

205. Admitted.

### Count IX § 760.10(7), Fla. Sta.
### Retaliation (Plaintiff Ealy against Defendant)

206. The defendant re-alleges and re-avers its responses to paragraphs 14 through 89 as if fully set forth herein.

207. The defendant admits that plaintiff Ealy has summarized a portion of the FCRA. The defendant denies, however, that plaintiff Ealy has properly brought this action, that the defendant has engaged in any unlawful actions or otherwise violated any statutory law or common law, or that plaintiff Ealy is entitled to any relief whatsoever.

208. The allegations in paragraph 208 are legal conclusions to which no response is required. To the extent a response is required, the defendant denies the allegations.

209. Denied.

210. Denied.

211. Denied.

212. Denied.

213. Denied.

214. Denied.

215. Denied.

216. Denied.

217. Denied.

218. Denied.

219. Denied.

220. Denied.

221. Denied.

222. Denied.

223. Denied.

224. Denied.

225. Denied.

226. Admitted.

The defendant denies that the plaintiffs are entitled to any of the relief requested in the "WHEREFORE" clause following paragraph 226 of the Complaint, including all sub-parts.

## GENERAL DENIAL

The defendant denies all allegations not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1. The plaintiffs have failed to state a claim upon which relief may be granted.

2. All of the defendant's actions were taken for lawful, legitimate, non-discriminatory and non-retaliatory business reasons.

3. The claims asserted in the Complaint are barred, in whole or in part, to the extent that they exceed the scope or type of claims asserted in the relevant underlying administrative charge of discrimination filed with the applicable federal or state agencies, or to the extent that they relate to claims that were not investigated by the applicable federal or state agencies, subject to conciliation efforts, or properly averred in a timely civil action.

4. The plaintiffs' claims are barred to the extent they involve transactions or events, or seek damages for periods, outside the applicable statutory limitations period.

5. The plaintiffs' claims are barred to the extent that they have failed to adequately mitigate their claims for damages, if any.

6. To the extent that the plaintiffs have failed to mitigate their damages, the defendant is entitled to a set-off in the amount which the plaintiffs did or could have earned through reasonable efforts.

7. The plaintiffs' claim for equitable relief is barred by the doctrine of unclean hands due to the plaintiffs' own misconduct.

8. The plaintiffs' claims are barred in whole or in part because the defendant exercised reasonable care to prevent and promptly correct any discriminatory behavior in the workplace and the plaintiffs unreasonably failed to take advantage of the preventative or corrective opportunities provided by the defendant to avoid or correct the alleged harm or otherwise failed to exercise reasonable care to avoid harm.

9. The plaintiffs' pre-existing emotional, psychological, and physical condition prior to the alleged acts of misconduct was such that the defendant's act(s), if any, did not proximately cause or contribute in any manner to the plaintiffs' alleged injuries and/or damages.

10. The plaintiffs' claims for damages are limited under Title VII and the FCRA.

11. The plaintiffs' claims for punitive damages are barred because the acts, if any, and omissions, if any, of the defendant do not rise to the level required to sustain an award of punitive damages, were not motivated by evil intent, do not evince a reckless or callous indifference to any of the plaintiffs' protected rights, and are not so wanton or willful as to support an award of punitive damages as a matter of law.

12. The defendant, at all relevant times, made good faith efforts to comply with the laws and statutes under which the claims in this case are asserted, thus precluding an award of punitive damages.

13. The after-acquired evidence doctrine may bar the plaintiffs' claims for front pay and cut off their back pay damages, if any.

14. The defendant intends to rely on such other defenses that may become available or apparent during the course of discovery in this case. The defendant expressly reserves the right to amend its Answer to assert any and all such defenses.

WHEREFORE, the defendant asserts that the plaintiffs should take nothing in this action, and that the defendant should recover its costs and reasonable attorneys' fees in this matter, together with such other relief as the Court deems just and proper.

Date: February 21, 2024

Respectfully submitted,

By: /s/ Kenneth A. Knox
Kenneth A. Knox, Esquire
Fla. Bar No. 829455
kknox@fisherphillips.com
Fisher & Phillips LLP
201 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, Florida 33301
Telephone (954) 525-4800
Facsimile (954) 525-8739

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on **February 21, 2024**, I electronically filed the foregoing with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                  */s/ Kenneth A. Knox*
                                                   Kenneth A. Knox, Esq.

**SERVICE LIST**

Daniel J. Barroukh, Esquire
Derek Smith Law Group, PPLC
520 Brickell Key Drive
Suite O-301
Miami, FL 33131
Telephone (305) 946-1884
danielb@dereksmithlaw.com