UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CASE NO. 4:24-cv-29-RH-MAF

ERIC EALY and DARRELL JAMES,

    Plaintiff,

v.

WEBBER INFRASTRUCTURE
MANAGEMENT, INC., F/K/A FERROVIAL
SERVICES INFRASTRUCTURE, INC.,

    Defendant.
_____/

## DEFENDANT'S RULE 26(f) DISCLOSURES

Pursuant to Fed. R. Civ. P. 26(a)(1), the defendant, Webber Infrastructure Management, Inc. f/k/a Ferrovial Services Infrastructure, Inc., hereby discloses the following:

A.    The name, and if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely used for impeachment, identifying the subjects of the information:

<u>Name/Address of Individual</u>

    1.    Eric Ealy
          c/o counsel for the plaintiffs
          Mr. Ealy is believed to have personal knowledge of his job duties/responsibilities while employed by the defendant; his rate of pay and hours of work; his interactions with his coworkers and supervisors; his inappropriate and insubordinate conduct during work hours; and, his suspension and termination from employment with the defendant.

    2.    Darrell James
          c/o counsel for the plaintiffs
          Mr. James is believed to have personal knowledge of his job duties/responsibilities while employed by the defendant; his rate of pay and hours of work; his interactions with his coworkers and supervisors; his

1

        inappropriate and insubordinate conduct during work hours; and, his suspension and his reason(s) for abandoning his job with the defendant.

3. Juan Garcia, former Foreman
   c/o counsel for the defendant
   Mr. Garcia is believed to have personal knowledge of the Company's policies and procedures; the plaintiffs' job duties and responsibilities; the plaintiffs' rates of pay and hours worked; the plaintiffs' work performance; his interaction with the plaintiffs; the plaintiffs' inappropriate and insubordinate conduct during work hours; and, that the plaintiffs' allegations of unlawful discrimination against them are false.

4. Steve Bearden, Project Superintendent
   c/o counsel for the defendant
   Mr. Bearden is believed to have personal knowledge of the Company's policies and procedures; the plaintiffs' job duties and responsibilities; the plaintiffs' rates of pay and hours worked; the plaintiffs' work performance; his interaction with the plaintiffs; the plaintiffs' inappropriate and insubordinate conduct during work hours; the termination of plaintiff Ealy; and, that the plaintiffs' allegations of unlawful discrimination against them are false.

5. Allen Roebuck, former Maintenance Technician
   c/o counsel for the defendant
   Mr. Roebuck is believed to have personal knowledge of the Company's policies and procedures; the plaintiffs' job duties and responsibilities; the plaintiffs' rates of pay and hours worked; the plaintiffs' work performance; his interaction with the plaintiffs; the plaintiffs' inappropriate and insubordinate conduct during work hours; the termination of plaintiff Ealy; and, that the plaintiffs' allegations of unlawful discrimination against them are false.

6. Russ Flowers, Project Manager
   c/o counsel for the defendant
   Mr. Flowers is believed to have personal knowledge of the Company's policies and procedures; the plaintiffs' job duties and responsibilities; the plaintiffs' rates of pay and hours worked; the plaintiffs' work performance; his interaction with the plaintiffs; the plaintiffs' inappropriate and insubordinate conduct during work hours; the termination of plaintiff Ealy; and, that the plaintiffs' allegations of unlawful discrimination against them are false.

7. Stacy Wessel, Human Resources Director
   c/o counsel for the defendant
   Ms. Wessel is believed to have personal knowledge of the Company's policies and procedures; her investigation into the plaintiffs' conduct at

work; the plaintiffs' work performance; the plaintiffs' interaction with their coworkers and supervisors; the termination of plaintiff Ealy; and, that the plaintiffs' allegations of unlawful discrimination against them are false.

    8.    All witnesses listed by the plaintiffs

    9.    All persons disclosed in discovery

Discovery is continuing and the defendant reserves the right to supplement this list of individuals with knowledge.

    B.    A copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment.

    1.    The plaintiffs' personnel files;

    2.    Documents sufficient to show the job responsibilities and duties for the plaintiffs' position;

    3.    The employee handbook in effect during the plaintiffs' employment with the defendant;

    4.    All additional documents identified and/or produced during the course of discovery;

    5.    All deposition exhibits; and,

    6.    All documents identified and/or produced by the plaintiffs and not otherwise objected to by the defendant.

Discovery is continuing and the defendant reserves the right to supplement this list of documents.

    C.    A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based,

including materials bearing on the nature and extent of injuries suffered.

1. The defendant makes no affirmative claim for damages and denies that the plaintiffs are entitled to any damages.

D. For inspection and copying, as under Rule 34 any insurance agreement under which any party carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

1. The defendant will produce a redacted declaration sheet after execution and entry of a confidentially agreement.

Date: March 14, 2024　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　s/*Kenneth A. Knox*
　　　　　　　　　　　　　　　　　　　　　　Kenneth A. Knox
　　　　　　　　　　　　　　　　　　　　　　(Fla. Bar No. 829455)
　　　　　　　　　　　　　　　　　　　　　　kknox@fisherphillips.com
　　　　　　　　　　　　　　　　　　　　　　FISHER & PHILLIPS, LLP
　　　　　　　　　　　　　　　　　　　　　　201 East Las Olas Boulevard, Suite 1700
　　　　　　　　　　　　　　　　　　　　　　Fort Lauderdale, Florida 33301
　　　　　　　　　　　　　　　　　　　　　　Telephone (954) 525-4800
　　　　　　　　　　　　　　　　　　　　　　Facsimile (954) 525-8739

　　　　　　　　　　　　　　　　　　　　　　***Attorneys for Defendant***

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on **March 14, 2024**, I caused a true and correct copy of the foregoing **DEFENDANT'S RULE 26(f) DISCLOSURES** to be served by U.S. Mail and *Electronic Mail* on all counsel or parties of record listed on the attached service list.

s/*Kenneth A. Knox*
Kenneth A. Knox
(Fla. Bar No. 829455)
kknox@fisherphillips.com
FISHER & PHILLIPS, LLP
201 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, Florida 33301
Telephone (954) 525-4800
Facsimile (954) 525-8739

***Attorneys for Defendant***