UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CASE NO.: 4:24-cv-00029-RH-MAF

ERIC EALY AND DARRELL JAMES,

    Plaintiffs,

v.

WEBBER INFRASTRUCTURE
MANAGEMENT, INC. F/K/A FERROVIAL
SERVICES INFRASTRUCTURE, INC.,

    Defendant.

_____

## JOINT RULE 26(F) Report

1. Pursuant to Fed.R.Civ.P. 26(f) and the initial scheduling order issued by this Court on February 22, 2024 (Doc. 6), and the order on Rule 26(f) obligations issued by this Court on February 22, 2024 (Doc. 7), a meeting was held between the parties on March 1, 2024 where the attorneys responsible for the litigation on each side had an oral conversation and have fully complied with Rule 26(f).

2. **Discovery Plan.** The parties propose the following discovery plan:

a) **Discovery Subjects.** Discovery will be needed on the following subjects: i) the claims and allegations in the Plaintiffs' Amended Complaint when filed, and ii) the defenses and allegations in the Defendant's Answer to the Amended Complaint.

1

b) **Deadlines.** The parties propose the following deadlines:

- March 26, 2024 to exchange Initial Disclosures under Rule 26(a)(1);
- April 15, 2024 to amend pleadings;
- April 15, 2024 to join additional parties;
- June 7, 2024 to submit expert disclosures and reports under Rule 26(a)(2);
- June 7, 2024 to submit any rebuttal disclosures and reports;
- September 27, 2024 to complete discovery;
- October 25, 2024 to file motions for summary judgment;
- November 15, 2024 to file opposition briefs;
- November 22, 2024 to file reply briefs;
- October 25, 2024 to file *Daubert* motions;
- Mediation will be scheduled before November 15, 2024;
- December 6, 2024 to exchange Pretrial Disclosures under Rule 26(a)(3).

c) **Changes to the Rule 26(a) Disclosures.** None.

d) **ESI Considerations.** The parties are exchanging ESI stipulations and believe that they will be able to reach agreement on ESI issues.

e) **Privilege Considerations**. The parties do not anticipate there will be significant litigation surrounding attorney-client privilege issues.

f) **Changes or Limitation to Discovery.** At this point the parties do not anticipate any changes to discovery, outside of the deadlines described above. There will be no phases or limitations to discovery.

g) **Orders Issued Under Rule 26(c) and Rule 16(b)-(c).** The parties respectfully ask the Court to issue a scheduling order under Rule 16(b) that reflects the deadlines listed above.

h) **Suggestions referring matters to Magistrate Judge.** The parties agree that they will refer non-dispositive motions and discovery matters to the Magistrate Judge, but they do not consent to trial by the Magistrate Judge nor to the disposition of dispositive pretrial motions by the Magistrate Judge.

3. **Projected Trial Date.** The parties anticipate a four- or five-day trial, with a proposed start date of January 14, 2025, or as soon thereafter that the Court is available.

4. **Other Items.** At the Rule 26(f) conference, the parties also discussed the following topics:

a) **Preservation of Discoverable Information.** The parties are aware of their duties to preserve all discoverable information.

b) **Plaintiff Ealy's List of Suffered Adverse Employment Actions**

1. Respondent suspended Mr. Ealy following his reporting of Respondent's racist and unlawful conduct directed towards him.

2. Respondent terminated Mr. Ealy while he was suspended, subsequent to his extensive reporting of Respondent's racist and unlawful conduct.

c) **Plaintiff James' List of Suffered Adverse Employment Actions**

1. Respondent suspended Mr. James following his reporting of Respondent's racist and unlawful conduct directed towards him.

2. Respondent terminated Mr. James while he was suspended, subsequent to his extensive reporting of Respondent's racist and lawful conduct.

d) **Defendant's List of Legitimate, Nondiscriminatory Reasons for Each of Each Plaintiff's Claimed Adverse Employment Actions**

1. Plaintiff Ealy was suspended pending an internal investigation into possible misconduct by him at work.

2. Plaintiff Ealy was terminated for misconduct at work.

3. Plaintiff James was suspended pending an internal investigation into possible misconduct by him at work.

4. Plaintiff James was not terminated from employment by the defendant. Rather, he failed to return to work and was

administratively removed from the defendant's payroll for job abandonment.

e) **Proposals for the Formulation and Simplification of Issues.** The parties will attempt to work in good faith to narrow and simplify the issues for trial, to eliminate claims or defenses found through discovery to be lacking in merit, to obtain admissions of fact and of documents which will avoid unnecessary proof at trial, and to avoid unnecessary discovery.

f) **The Necessity or Desirability of Amendments to the Pleadings.** Plaintiff anticipates filing an amended complaint. The parties otherwise do not anticipate additional amendments at this time.

g) **Other Information for Setting Case for Status or Pretrial Conference.** None at this time.

Dated: March 15, 2024

| | |
|---|---|
| */s/ Daniel J. Barroukh* | /s/ *[signature]* |
| DANIEL J. BARROUKH | KENNETH A. KNOX |
| Florida Bar No.: 1049271 | Florida Bar No.: 829455 |
| | |
| **DEREK SMITH LAW GROUP, PLLC** | **FISHER & PHILLIPS LLP** |
| 520 Brickell Key Dr, Suite O-301 | 201 East Las Olas Boulevard, Suite 1700 |
| Miami, FL 33131 | For Lauderdale, Florida 33301 |
| (305) 946-1884 \| (305) 503-6741 - Fax | (954) 525-4800 |
| (305) 946-1884 \| (305) 503-6741 - Fax | |
| Email: danielb@dereksmithlaw.com | Email: kknox@fisherphillips.com |
| | |
| **Attorneys for Plaintiffs** | **Attorneys for Defendant** |