IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ERIC EALY et al.,

    Plaintiffs,

v.                                    CASE NO. 4:24cv29-RH-MAF

WEBBER INFRASTRUCTURE
MANAGEMENT, INC.,

    Defendant.

_____/

## SCHEDULING AND MEDIATION ORDER

This order is entered upon consideration of the parties' Federal Rule of Civil Procedure 26(f) report.

An order was entered on February 22, 2024, requiring each plaintiff to include in the 26(f) report a list of each claimed adverse employment action and requiring the defendant to include in the 26(f) report a "succinct, numbered list of each legitimate, nondiscriminatory reason for each of each plaintiff's claimed adverse employment actions." Each plaintiff listed as adverse employment actions his suspension and termination. In response, the defendant said it suspended each plaintiff pending an internal investigation into "possible misconduct by him at

work." The defendant said it terminated the plaintiff Eric Ealy for "misconduct at work" and did not terminate the plaintiff Darrell James at all; the defendant said Mr. James abandoned the job.

If the defendant suspended the plaintiffs pending an investigation of misconduct and terminated Mr. Ealy for misconduct, the defendant knew at the time what conduct was being investigated or was the basis for the termination. The defendant must disclose it now. This order sets a deadline to do so.

IT IS ORDERED:

1. The trial is set for the two-week trial period that begins on Tuesday, January 21, 2025. A party with a conflict during that trial period must file a notice by April 1, 2024.

2. The discovery deadline is September 27, 2024.

3. By April 1, 2024, the defendant must file a statement identifying, separately for each plaintiff, all misconduct that was a subject of the investigation pending which the plaintiff was suspended, and identifying all misconduct that was a basis for Mr. Ealy's termination.

4. The 26(f) report, ECF No. 11, will control the matters it addresses, except when it conflicts with this order. On matters not addressed in this order or the 26(f) report, the Initial Scheduling Order remains in effect.

5.  A pleading may be amended only by the deadline set out in the 26(f) report or on a motion showing good cause for not amending by that date. And when the Federal Rules of Civil Procedure allow an amendment only with leave of court, a pleading may be amended only with leave of court.

6.  Rule 26 disclosures must be supplemented within a reasonable time after learning information calling for supplementation and in time to ensure the opposing party is not prejudiced by any failure to supplement immediately after the information was discovered.

7.  The deadline for summary-judgment motions is 28 days after the discovery deadline, but *they should be filed at the earliest appropriate time. It is rarely necessary that such motions await the completion of all discovery.*

8.  The 2015 revision of Local Rule 56.1 applies. The rule includes these provisions:

(A)  A summary-judgment motion is governed by Federal Rule of Civil Procedure 56 and, unless the Court orders otherwise, this rule.

(B)  Motion and Supporting Memorandum. A party who moves for summary judgment must file at the same time a memorandum of up to 8,000 words and any supporting evidence not already in the record. The memorandum must include a statement of facts generally in the form that would be appropriate in an appellate brief. A statement of facts must not be set out in a separate document.

(C)  Opposing Memorandum. An opposing party must file within 21 days— without a 3-day extension based on electronic service of the motion—a memorandum of up to 8,000 words and any opposing evidence not already in the record. The memorandum must respond to the moving

party's statement of facts as would be appropriate in an appellate brief. The opposing party must not file a separate document setting out the facts or responding to the moving party's statement of facts.

(D) Reply Memorandum. The moving party may file a reply memorandum of up to 3,200 words. The moving party should do so only if the opposing memorandum raised new matters not addressed in the original supporting memorandum. The deadline for a reply memorandum is 7 days after the opposing memorandum is filed—without a 3-day extension based on electronic service of the opposing memorandum.

(E) Word Limits. Words are counted under this rule, and a certificate of compliance is required, in the same manner as under Local Rule 7.1(F).

(F) Pinpoint Record Citations Required. Each memorandum must include pinpoint citations to the record evidence supporting each factual assertion. The Court may, but need not, consider record evidence that has not been properly cited.

(G) Ruling Without a Hearing; Time for a Ruling. A motion may be resolved against a party without a hearing—and without further notice—at any time after the party has had an opportunity to file a memorandum and evidence under this rule.

9. By a separate notice, the clerk must set a summary-judgment hearing for the week of December 2, 2024. Any pending summary-judgment motion will be heard at that time. But a motion may be resolved before the hearing based on the written record. An earlier hearing may be set if a motion is fully briefed and ready for hearing at an earlier time.

10. Deadlines will be determined based on this order (including the 26(f) report to the extent made applicable by this order), other applicable orders, and the

governing rules. Docket entries made by the clerk of the court are for the clerk's internal use and are not controlling.

11. By a separate Order for Pretrial Conference to be issued later, a deadline will be set for an attorney conference leading to the filing of a pretrial stipulation and related papers. By that same deadline, the parties must make the disclosures required by Federal Rule of Civil Procedure 26(a)(3), including those related to depositions that will be introduced at trial, and including separate disclosures of witnesses and exhibits the party expects to present or may present if the need arises. The deadline for objections under Rule 26(a)(3) is seven days later.

12. Any motion in limine or other pretrial motion must be served sufficiently in advance of the pretrial conference to allow consideration of the motion at or prior to the pretrial conference.

13. The attorneys' attention is directed to the American College of Trial Lawyers' *Code of Pretrial and Trial Conduct*, which sets out standards of professionalism.

14. Unless the requirement to mediate is abrogated based on a motion showing good cause, the parties must mediate this case in accordance with the Rules for Certified and Court-Appointed Mediators adopted by the Florida Supreme Court and the following additional procedures:

(a) The parties may select a mediator by agreement. If the parties have not agreed by 28 days before the discovery deadline, the plaintiff must immediately file a notice so indicating, and I will appoint a mediator.

(b) Unless otherwise agreed, the fee of the mediator must be paid equally by the parties. The fee must be paid in the manner determined by the mediator.

(c) The deadline to mediate is November 15, 2024. Mediation may continue after that date if the mediator determines, after substantial mediation proceedings, that further mediation is warranted. The mediator or a party must file a report within 14 days after mediation ends indicating when mediation occurred and the outcome (that is, whether the case was settled or impasse was declared). If the case is settled in full, notice to the court must be immediate.

(d) Each party and an attorney for each represented party must attend the mediation. In addition, for any insured party, an adjuster must attend, unless each adverse party and the mediator agree that the adjuster need not attend.

(e) Everything said during mediation—other than the terms of any settlement agreement itself—is confidential and inadmissible as a settlement negotiation.

(f) An attorney for each party must, within 14 days after the date of this order, consult with the party about the advantages (including savings of costs and attorney's fees) and disadvantages of proceeding with mediation immediately

rather than awaiting the deadline set in this order. On a party's motion, the court will consider ordering that mediation commence immediately or at a time earlier than required by this order.

SO ORDERED on March 18, 2024.

s/Robert L. Hinkle<br>United States District Judge