UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

CASE NO.: 4:24-CV-00029-RH-MAF

ERIC EALY and DARRELL JAMES,

Plaintiffs,

vs.

WEBBER INFRASTRUCTURE
MANAGEMENT, INC. F/K/A FERROVIAL
SERVICES INFRASTRUCTURE, INC.

Defendant.

_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' AMENDED COMPLAINT

The defendant, Webber Infrastructure Management, Inc. f/k/a Ferrovial Services Infrastructure, Inc., files this Answer and Affirmative Defenses to the Amended Complaint filed by the plaintiffs, Eric Ealy and Darrell James ("the plaintiffs").

## INTRODUCTION

1.      The defendant admits that the plaintiffs are black men. All remaining allegations are denied.

2.      The defendant admits that plaintiffs are seeking money, but it denies that either plaintiff was treated unlawfully or in violation of any federal or state

statute, or that the defendant has unlawfully deprived either plaintiff of his personal dignity or his right to pursue equal employment opportunities.

## PARTIES

3.     The defendant admits that plaintiff Ealy is a Black man. The defendant is without sufficient information to either admit or deny the remaining allegations contained paragraph 3.

4.     The defendant admits that plaintiff James is a Black man. The defendant is without sufficient information to either admit or deny the remaining allegations contained paragraph 3.

5.     Admitted.

6.     Admitted.

7.     The defendant admits that it has the statutory minimum number of employees to be considered an employer as defined by the Florida Civil Rights Act ("FCRA").

8.     Admitted.

## JURISDICTION AND VENUE

9.     Admitted.

10.     The defendant admits that venue is proper. All remaining allegations are denied.

<u>**ADMINISTRATIVE PREREQUISITES**</u>

11.     The defendant is without sufficient knowledge to either admit or deny the allegations contained in paragraph 11.

12.     Admitted, upon information and belief.

13.     Admitted, upon information and belief.

<u>**FACTUAL ALLEGATIONS**</u>

<u>**Plaintiff Ealy's Employment with Defendant**</u>

14.     Admitted.

15.     Denied.

16.     Admitted.

17.     The defendant admits that it employed Mr. Flowers as Project Manager, that he is a non-black male, and that he had supervisory authority over the plaintiffs (including the power to hire, demote, promote, suspend, and/or discipline the plaintiffs). All remaining allegations are denied.

18.     The defendant admits that it employed Mr. Bearden as Project Superintendent, that he is a non-black male, and that he had supervisory authority over the plaintiffs (including the power to hire the plaintiffs). All remaining allegations are denied.

19.     The defendant denies that it employed Warren Garcia as Project Foreman. The defendant admits that it employed Juan Garcia as Project Foreman,

that he is a non-black male, and that he had supervisory authority over the plaintiffs.

All remaining allegations are denied.

     20.     Denied.

     21.     Admitted.

     22.     Denied.

     23.     Denied.

     24.     Denied.

     25.     Denied.

     26.     Denied.

     27.     Denied.

     28.     Denied.

     29.     Denied.

     30.     Denied.

     31.     Denied.

     32.     Denied.

     33.     Denied.

     34.     Denied.

     35.     Denied.

     36.     Denied.

     37.     Denied.

38.     Denied.

39.     Denied.

## Plaintiff James' Employment with Defendant

40.     Admitted.

41.     Denied.

42.     Admitted.

43.     The defendant admits that Mr. Flowers, Mr. Bearden, and Juan Garcia

had supervisory authority over Mr. James.

44.     Admitted.

45.     Denied.

46.     Denied.

47.     Denied.

48.     Denied.

49.     Denied.

50.     Denied.

51.     Denied.

52.     Denied.

## Defendant's Unlawful Retaliation Against Plaintiffs

53.     Denied.

54.     Denied.

55.     Denied.

56.     Denied.

57.     Denied.

58.     Denied.

59.     Denied.

60.     Denied.

61.     Denied.

62.     Denied.

63.     Denied.

64.     Denied.

65.     Denied.

66.     Denied.

67.     Denied.

68.     Denied.

69.     Denied.

70.     The defendant admits that Mr. Bearden sent both plaintiffs home. All remaining allegations are denied.

71.     Denied.

72.     Denied.

73.     The defendant admits that Mr. Bearden sent both plaintiffs home. All remaining allegations are denied.

74.     Admitted.

75.     The defendants admit that both Plaintiffs were suspended for insubordination, disruptive behavior, and misconduct. All remaining allegations are denied.

76.     Denied.

77.     Denied.

78.     The defendant admits that Ms. Wessel investigated plaintiffs' insubordination, disruptive behavior, and misconduct.

79.     Denied.

80.     Admitted.

81.     Denied.

82.     Denied.

83.     Denied.

84.     Denied.

85.     Denied.

86.     Denied.

87.     Denied.

88.     Denied.

89.     Denied.

## CAUSES OF ACTION

### COUNT I
**42 U.S.C. §1981**
**Race and Color Discrimination (Plaintiff Ealy against Defendant)**

90.     The defendant re-alleges and re-avers its responses to paragraphs 14-89 as if fully set forth herein.

91.     The defendant admits that plaintiff Ealy has quoted a portion of Section 1981. The defendant denies, however, that plaintiff Ealy has properly brought this action, that the defendant has engaged in unlawful actions or otherwise violated any statutory law or common law, or that plaintiff Ealy is entitled to any relief whatsoever.

92.     The defendant admits that plaintiff Ealy has quoted a portion of Section 1981. The defendant denies, however, that plaintiff Ealy has properly brought this action, that the defendant has engaged in unlawful actions or otherwise violated any statutory law or common law, or that plaintiff Ealy is entitled to any relief whatsoever.

93.     Admitted.

94.     Denied.

95.     Denied.

96.     Denied.

97.    Denied.

98.    Denied.

99.    Denied.

100.   The defendant admits that plaintiff Ely is demanding money from the defendant, but it denies that plaintiff Ely has properly brought this action, that the defendant has engaged in any unlawful actions or otherwise violated any statutory law or common law, or that plaintiff Ely is entitled to any relief whatsoever.

101.   Denied.

102.   Denied.

103.   The defendant admits that plaintiff Ely is seeking money for payment of his attorney's costs and fees. The defendant denies, however, that plaintiff Ely is entitled to such relief.

## COUNT II
### 42 U.S.C. §1981
### Hostile Work Environment (Plaintiff Ely against Defendant)

104.   The defendant re-alleges and re-avers its responses to paragraphs 14-89 as if fully set forth herein.

105.   The defendant admits that plaintiff Ely has quoted a portion of Section 1981. The defendant denies, however, that plaintiff Ely has properly brought this action, that the defendant has engaged in unlawful actions or otherwise violated any

statutory law or common law, or that plaintiff Ealy is entitled to any relief whatsoever.

106.   The defendant admits that plaintiff Ealy has quoted a portion of Section 1981. The defendant denies, however, that plaintiff Ealy has properly brought this action, that the defendant has engaged in unlawful actions or otherwise violated any statutory law or common law, or that plaintiff Ealy is entitled to any relief whatsoever.

107.   Admitted.

108.   Denied.

109.   Denied.

110.   Denied.

111.   Denied.

112.   Denied.

113.   Denied.

114.   The defendant admits that plaintiff Ealy is demanding money from the defendant, but it denies that plaintiff Ealy has properly brought this action, that the defendant has engaged in any unlawful actions or otherwise violated any statutory law or common law, or that plaintiff Ealy is entitled to any relief whatsoever.

115.   Denied.

116.   Denied.

117.   The defendant admits that plaintiff Ealy is seeking money for payment of his attorney's costs and fees. The defendant denies, however, that plaintiff Ealy is entitled to such relief.

**COUNT III**
**42 U.S.C. §1981**
**Retaliation**
**(Plaintiff Ealy against Defendant)**

118.   The defendant reincorporates the factual allegations in Paragraphs 14-89.

119.   The defendant admits that plaintiff Ealy has quoted a portion of Section 1981. The defendant denies, however, that plaintiff Ealy has properly brought this action, that the defendant has engaged in unlawful actions or otherwise violated any statutory law or common law, or that plaintiff Ealy is entitled to any relief whatsoever.

120.   The defendant admits that plaintiff Ealy has quoted a portion of Section 1981. The defendant denies, however, that plaintiff Ealy has properly brought this action, that the defendant has engaged in unlawful actions or otherwise violated any statutory law or common law, or that plaintiff Ealy is entitled to any relief whatsoever.

121.   Denied.

122.   Denied.

123.   Denied.

124.   Denied.

125.   Denied.

126.   Denied.

127.   Denied.

128.   Denied.

129.   Denied.

130.   Denied.

131.   Denied.

132.   Denied.

133.   Denied.

134.   Denied.

135.   Denied.

136.   Denied.

137.   Denied.

138.   Denied.

139.   Denied.

140.   The defendant admits that plaintiff Ealy is seeking money for payment of his attorney's costs and fees. The defendant denies, however, that plaintiff Ealy is entitled to such relief.

<u>**COUNT IV**</u>
**42 U.S.C. §1981**
**Race and Color Discrimination**
**(Plaintiff James against Defendant)**

141.   The defendant reincorporates the factual allegations in Paragraphs 14-89.

142.   The defendant admits that plaintiff James has quoted a portion of Section 1981. The defendant denies, however, that plaintiff James has properly brought this action, that the defendant has engaged in unlawful actions or otherwise violated any statutory law or common law, or that plaintiff James is entitled to any relief whatsoever.

143.   The defendant admits that plaintiff James has quoted a portion of Section 1981. The defendant denies, however, that plaintiff James has properly brought this action, that the defendant has engaged in unlawful actions or otherwise violated any statutory law or common law, or that plaintiff James is entitled to any relief whatsoever.

144.   Admitted

145.   Denied.

146.   Denied.

147.   Denied.

148.   Denied.

149.    Denied.

150.    Denied.

151.    The defendant admits that plaintiff James is demanding money from the defendant, but it denies that plaintiff James has properly brought this action, that the defendant has engaged in any unlawful actions or otherwise violated any statutory law or common law, or that plaintiff James is entitled to any relief whatsoever.

152.    Denied.

153.    Denied.

154.    The defendant admits that plaintiff James is seeking money for payment of his attorney's costs and fees. The defendant denies, however, that plaintiff James is entitled to such relief.

**COUNT V**
**42 U.S.C. §1981**
**Hostile Work Environment**
**(Plaintiff James against Defendant)**

155.    The defendant re-alleges and re-avers its responses to paragraphs 14-89 as if fully set forth herein.

156.    The defendant admits that plaintiff James has quoted a portion of Section 1981. The defendant denies, however, that plaintiff James has properly brought this action, that the defendant has engaged in unlawful actions or otherwise

violated any statutory law or common law, or that plaintiff James is entitled to any relief whatsoever.

157.   The defendant admits that plaintiff James has quoted a portion of Section 1981. The defendant denies, however, that plaintiff James has properly brought this action, that the defendant has engaged in unlawful actions or otherwise violated any statutory law or common law, or that plaintiff James is entitled to any relief whatsoever.

158.   Admitted.

159.   Denied.

160.   Denied.

161.   Denied.

162.   Denied.

163.   Denied.

164.   Denied.

165.   The defendant admits that plaintiff James is demanding money from the defendant, but it denies that plaintiff James has properly brought this action, that the defendant has engaged in any unlawful actions or otherwise violated any statutory law or common law, or that plaintiff James is entitled to any relief whatsoever.

166.   Denied.

167.   Denied.

168.   The defendant admits that plaintiff James is seeking money for payment of his attorney's costs and fees. The defendant denies, however, that plaintiff James is entitled to any such relief.

## COUNT VI
## 42 U.S.C. §1981
## Retaliation
## (Plaintiff James against Defendant)

169.   The defendant reincorporates the factual allegations in Paragraphs 14-89.

170.   The defendant admits that plaintiff James has quoted a portion of Section 1981. The defendant denies, however, that plaintiff James has properly brought this action, that the defendant has engaged in unlawful actions or otherwise violated any statutory law or common law, or that plaintiff James is entitled to any relief whatsoever.

171.   The defendant admits that plaintiff James has quoted a portion of Section 1981. The defendant denies, however, that plaintiff James has properly brought this action, that the defendant has engaged in unlawful actions or otherwise violated any statutory law or common law, or that plaintiff James is entitled to any relief whatsoever.

172.   Denied.

173.   Denied.

174.   Denied.

175.   Denied.

176.   Denied.

177.   Denied.

178.   Denied.

179.   Denied.

180.   Denied.

181.   Denied.

182.   Denied.

183.   Denied.

184.   Denied.

185.   Denied.

186.   Denied.

187.   Denied.

188.   The defendant admits that plaintiff James is demanding money from the defendant, but it denies that plaintiff James has properly brought this action, that the defendant has engaged in any unlawful actions or otherwise violated any statutory law or common law, or that plaintiff James is entitled to any relief whatsoever.

189.   Denied.

190.   Denied.

191.   The defendant admits that plaintiff James is seeking money for payment of his attorney's costs and fees. The defendant denies, however, that plaintiff James is entitled to any such relief.

**COUNT VII**
**42 U.S.C. §1981**
**Retaliation**
**(Plaintiff Ealy against Defendant)**

192.   The defendant re-alleges and re-avers its responses to paragraphs 14 through 89 as if fully set forth herein.

193.   The defendant admits that plaintiff Ealy has summarized a portion of the FCRA. The defendant denies, however, that plaintiff Ealy has properly brought this action, that the defendant has engaged in unlawful actions or otherwise violated any statutory law or common law, or that plaintiff Ealy is entitled to any relief whatsoever.

194.   Admitted

195.   Denied.

196.   Denied.

197.   Denied.

198.   Denied.

199.   Denied.

200.   The defendant admits that plaintiff Ealy is demanding money from the defendant. The defendant denies that plaintiff Ealy is entitled to such relief and denies all remaining allegations of this paragraph.

201.   Denied.

202.   Denied.

203.   Denied.

204.   Denied.

## COUNT VIII
### 42 U.S.C. §1981
### Hostile Work Environment
### (Plaintiff Ealy against Defendant)

205.   The defendant re-alleges and re-avers its responses to paragraphs 14-89 as if fully set forth herein.

206.   The defendant admits that plaintiff has summarized a portion of the FCRA. The defendant denies, however, that Ealy has properly brought this action, that the defendant has engaged in any unlawful actions or otherwise violated any statutory law or common law, or the plaintiff Ealy is entitled to any relief whatsoever.

207.   Denied.

208.   Denied.

209.   Denied.

210.   Denied.

211.   Denied.

212.   Denied.

213.   Denied.

214.   The defendant admits that plaintiff Ealy is seeking money for payment of his attorney's costs and fees. The defendant denies, however, that plaintiff Ealy is entitled to any such relief.

## COUNT XI
### §760.10(7), Fla. Stat.
### Retaliation
### (Plaintiff Ealy against Defendant)

215.   The defendant re-alleges and re-avers its responses to paragraphs 14-89 as if fully set forth herein.

216.   The defendant admits that plaintiff has summarized a portion of the FCRA. The defendant denies, however, that Ealy has properly brought this action, that the defendant has engaged in any unlawful actions or otherwise violated any statutory law or common law, or that plaintiff Ealy is entitled to any relief whatsoever.

217.   Denied.

218.   Denied.

219.   Denied.

220.   Denied.

221.   Denied.

222.   Denied.

223.   Denied.

224.   Denied.

225.   Denied.

226.   Denied.

227.   Denied.

228.   Denied.

229.   Denied.

230.   Denied.

231.   Denied.

232.   The defendant admits the plaintiff is seeking money damages. The defendant denies that plaintiff Ealy is entitled to such relief and denies all remaining allegations of this paragraph.

233.   Denied.

234.   Denied.

235.   The defendant admits that plaintiff Ealy is seeking money for payment of his attorney's costs and fees. The defendant denies, however, that plaintiff Ealy is entitled to any such relief.

The defendant denies that plaintiffs are entitled to any of the relief requested in the "WHEREFORE" clause following paragraph 235 of the First Amended Complaint.

## GENERAL DENIAL

The defendant denies all allegations not specifically admitted herein.

## DEFENSES AND AFFIRMATIVE DEFENSES

1.     The plaintiffs have failed to state a claim upon which relief may be granted.

2.     All of the defendant's actions were taken for lawful, legitimate, non-discriminatory and non-retaliatory business reasons.

3.     The plaintiffs did not participate in a statutorily protected activity as is required to establish a claim for retaliation under Title VII, 42 USCA §1981, and the Florida Civil Rights Act ("FCRA").

4.     The decisionmaker who determined to terminate plaintiff Ealy's employment had no actual knowledge that he participated in any statutorily protected activity.

5.     The decisionmaker who determined to terminate plaintiff James' employment had no actual knowledge that he participated in any statutorily protected activity.

6.     Plaintiff James did not suffer an adverse employment action as is

necessary to establish a claim of discrimination under 42 USCA §1981. The defendant did not terminate Mr. James' employment. Mr. James voluntarily abandoned or resigned his employment with the defendant.

7.     The claims asserted by Mr. Ealy in the Amended Complaint are barred, in whole or in part, to the extent that they exceed the scope or type of claims asserted in the relevant underlying administrative charge of discrimination filed with the applicable federal or state agencies, or to the extent that they relate to claims that were not investigated by the applicable federal or state agencies, subject to conciliation efforts, or properly averred in a timely civil action.

8.     The plaintiffs' claims are barred to the extent that they have failed to adequately mitigate their claims for damages, if any.

9.     To the extent that the plaintiffs have failed to mitigate their damages, the defendant is entitled to a set-off in the amount which the plaintiffs did or could have earned through reasonable efforts.

10.     The plaintiffs' claim for equitable relief is barred by the doctrine of unclean hands due to the plaintiffs' own misconduct.

11.     The plaintiffs' claims are barred in whole or in part because the defendant exercised reasonable care to prevent and promptly correct any discriminatory or harassing behavior in the workplace and the plaintiffs unreasonably failed to take advantage of the preventative or corrective opportunities

provided by the defendant to avoid or correct the alleged harm or otherwise failed to exercise reasonable care to avoid harm.

12.     The plaintiffs' pre-existing emotional, psychological, and physical condition prior to the alleged acts of misconduct was such that the defendant's act(s), if any, did not proximately cause or contribute in any manner to the plaintiffs' alleged injuries and/or damages.

13.     The plaintiffs' claims for punitive damages are barred because the acts, if any, and omissions, if any, of the defendant do not rise to the level required to sustain an award of punitive damages, were not motivated by evil intent, do not evince a reckless or callous indifference to any of the plaintiff's protected rights, and are not so wanton or willful as to support and award of punitive damages as a matter of law.

14.     The defendant, at all relevant times, made good faith efforts to comply with the laws and statutes under which the claims in this case are asserted, thus precluding an award of punitive damages.

15.     The after-acquired evidence doctrine may bar the plaintiffs' claims for front pay and cut off their back pay damages, if any.

16.     The defendant intends to rely on such other defenses that may become available or apparent during the course of discovery in this case.  The defendant expressly reserves the right to amend its Answer to assert any and all such defenses.

**WHEREFORE**, the defendant asserts that the plaintiffs should take nothing in this action, and that the defendant should recover its costs and reasonable attorneys' fees in this matter, together with such other relief as the Court deems just and proper.

Date: May 14, 2024                    Respectfully submitted,

By: */s/ Kenneth A. Knox*
Kenneth A. Knox, Esquire Fla.
Bar No. 829455
kknox@fisherphillips.com
Adanna N. Ferguson
Fla. Bar No. 92372
aferguson@fisherphillips.com
Fisher & Phillips LLP
201 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, Florida 33301
Telephone (954) 525-4800
Facsimile (954) 525-8739

*Attorneys for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on **May 14, 2024**, I electronically filed the foregoing with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Kenneth A. Knox*
Kenneth A. Knox, Esq.

## <u>SERVICE LIST</u>

Daniel J. Barroukh, Esquire
Derek Smith Law Group,
PPLC 520 Brickell Key
Drive
Suite O-301
Miami, FL
33131
Telephone (305) 946-1884
<u>danielb@dereksmithlaw.com</u>