## RE: Eric Ealy and Darrell James v. Webber Infrastructure Management, Inc. -- Defendant's attempt to resolve discovery dispute (RFPs 18-22)

**Ferguson, Adanna** <aferguson@fisherphillips.com>
Tue 7/16/2024 3:37 PM

To: Daniel Barroukh <danielb@dereksmithlaw.com>;Knox, Ken <kknox@fisherphillips.com>
Cc: Kyle MacDonald <kyle@dereksmithlaw.com>;Dunn, Katharine <KDUNN@fisherphillips.com>;David Rodriguez <David@dereksmithlaw.com>

🔗 1 attachments (599 KB)
Lewis v City of Union City Georgia.pdf;

Good Afternoon, Daniel

Thank you for your email. The defendant's position is that your request for *entire* personnel files is overbroad and not proportional to the needs of the case. The files you are seeking do not contain any disciplinary documents or complaints about race-based discrimination, hostile work environment, or retaliation which are the causes of action alleged in the Amended Complaint. Given this absence of relevant information, the defendant is hard-pressed to see why it should waive its valid objections to producing the requested files in their entirety. If you have caselaw to show that the plaintiffs are entitled to the files they're requesting even though they don't contain any disciplinary documents or complaints of race-based discrimination, hostile work environment, or retaliation, I would be happy to review and consider it.

Additionally, Mr. Roebuck is not a comparator to either plaintiff because he has not committed the same misconduct that Mr. Ealy and Mr. James committed. In fact, as stated above, he has no disciplinary documents of any nature in his employee file. The law is well-settled that to be a comparator the employee must have committed the same basic conduct or misconduct as the plaintiff. See *Lewis v. City of Union City, Ga*, 918 F.3d 1213, 1220-21 (11th Cir. 2022) ("a comparator who is 'similarly situated in all material respects' 'will have engaged in the same basic conduct (or misconduct) as the plaintiff ...'"). If you have caselaw to the contrary, please forward it to me. I have attached the *Lewis* case for your perusal.



**Adanna Ferguson**
Attorney

Fisher & Phillips LLP
201 E. Las Olas Boulevard | Suite 1700 | Ft. Lauderdale, FL 33301
aferguson@fisherphillips.com | O: (954) 847-4714

vCard  |  Bio  |  Website    *On the Front Lines of Workplace Law*SM

*This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error, then immediately delete this message.*

---

**From:** Daniel Barroukh <danielb@dereksmithlaw.com>
**Sent:** Monday, July 15, 2024 2:18 PM
**To:** Knox, Ken <kknox@fisherphillips.com>; Ferguson, Adanna <aferguson@fisherphillips.com>
**Cc:** Kyle MacDonald <kyle@dereksmithlaw.com>; Dunn, Katharine <KDUNN@fisherphillips.com>; David Rodriguez <David@dereksmithlaw.com>
**Subject:** Re: Eric Ealy and Darrell James v. Webber Infrastructure Management, Inc.

Good afternoon,

EXHIBIT F

I am still figuring out which dates work for my clients' depositions.

In the meantime, please let me know when the following individuals are available for deposition from August 19, 2024 through September 6, 2024:
- Juan Garcia
- Russ Flowers
- Stephen Bearden
- Allen Roebuck
- Stacy Wessell
- Marilyn King
- Shauna Stoddard

Because Allen Roebuck and Juan Garcia are no longer employed by Defendant, I would like to schedule their depositions for August 28 and August 29.

Further, Plaintiff is still seeking information from RFPs 18-22 and intends to file a Motion to Compel with the Court to obtain the requested documentation.

As discussed, although Ms. Ferguson maintained that Mr. Roebuck is not a comparator, I explained that the caselaw provided does not state that an employee must engage in the same conduct to be considered a comparator, as it is one of many factors in the analysis. More importantly, the Plaintiff is not required to establish that an employee is a comparator to be entitled to personnel files at this stage.

Please let me know if Defendant intends to amend its RFP responses to incorporate the requested documents in RFPs 18-22.

Let this email serve as Plaintiff's good faith attempt to confer on and resolve this discovery dispute. If I do not hear back by the end of day on Wednesday, July 17, 2024, I will file Plaintiff's Motion to Compel discovery.

Best,
Daniel

**Daniel J. Barroukh, Esq.**

*Admitted in FL



**Derek Smith Law Group, PLLC**

520 Brickell Key Drive, Suite O-301  |  Miami, Florida 33131

Toll Free: (800) 807-2209  |  Direct: (786) 688-2335

Email: danielb@dereksmithlaw.com

www.discriminationandsexualharassmentlawyers.com

**New York**  |  **New Jersey**  |  **Philadelphia**  |  **Miami**  |  **Los Angeles**  |  **San Francisco**  |  **San Diego**