UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ERIC EALY and
DARRELL JAMES,                                    CASE NO.: 4:24-cv-00029-RH-MAF

        Plaintiffs,

v.

WEBBER INFRASTRUCTURE
MANAGEMENT, INC.,

        Defendant.
_____/

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DISCOVERY

Plaintiff Eric Ealy and Plaintiff Darrell James (collectively "Plaintiffs"), by and through undersigned counsel, hereby submit this memorandum in support of their Motion to Compel Discovery.

## INTRODUCTION

This motion is necessitated by the intentionally dilatory discovery tactics of the Defendant and its failure to produce plainly relevant and limited discovery requests. In this employment discrimination case, the Defendant has failed to produce, *inter alia*, requested documents regarding the personnel files of individuals directly involved in Plaintiffs' allegations of race discrimination, hostile work environment, and retaliation that would allow Plaintiffs to identify appropriate comparators, corporate deponents, and information regarding similar allegations that would allow Plaintiffs to further assess their claims. As set forth in more detail below, Defendant's objections to producing the requested documents are without merit. The Court should therefore compel Defendant to produce the discovery.

## PROCEDURAL BACKGROUND

Plaintiffs' document requests were first served on March 21, 2024. On May 31, 2024, Defendant first served answers to Plaintiffs' document requests. Plaintiffs' counsel and Defendant's counsel spoke by telephone for over an hour on June 17, 2024, and again by email on June 18, 2024, and June 20, 2024, to confer on the deficiencies. On June 21, 2024, Defendant served another version of these responses, which maintained the identical objections to Plaintiffs' Requests Nos. 18-22 and failed to provide any responsive documents.

On July 15, 2024, Plaintiffs again attempted in good faith to resolve these issues by outlining the deficiencies in a conferral email sent to Defendant's counsel. On July 16, 2024, Defendant's counsel declined to produce responsive documents to Plaintiffs. Defendant's July 16, 2024, email response failed to proffer any meaningful response to the arguments set forth in Plaintiffs' conferral email, and served only to underscore Defendant's intransigence and the necessity of this Motion.

## ARGUMENT

In accordance with Local Rule 26.1(D), set forth below are (1) the verbatim quotations of the specific document requests to which Defendant has failed to adequately respond; (2) the quotations in full of Defendant's specific objections to the discovery request; and (3) the reasons such objections should be overruled and the motion granted.

In the interest of efficiency, Plaintiffs would like to highlight the fact that each Request and Response is identical but pertains to a different individual.

### Request No. 18

The complete personnel file of Allen Roebuck including employment application, resume, acknowledgments of receipt of employment handbook, performance evaluations, written warnings, complaints, reprimands, salary and benefit information, and any other documents, records, memoranda, notes, or computer printouts which were part of his personnel file at any

time; and, if not included in the personnel files, all performance evaluations, formal discipline reports or write-ups, charges or lawsuits of any kind filed against Allen Roebuck, and any complaints or reports about him made by any employee or agent of Defendant, or third party (including all communications with any supervisors, managers and Human Resources representatives).

### *Response to Request No. 18*

No responsive documents. To the extent this request seeks additional information, the defendant objects on the basis that it is overly broad, seeks information that is not relevant to any party's claims or defenses in this action, is not proportionate to the needs of this case, and seeks private and confidential information including addresses, social security numbers, financial information, and other personal information. See Fed. R. Civ. P. 26(b)(1). Mr. Roebuck's employment history prior to working for the defendant, his job qualifications, and the performance metrics that are specific to his job title are beyond the scope of this case. This case involves the plaintiff's claims that the defendant discriminated against him based on race and color, created a hostile work environment based on race, and retaliated against him for complaints of race and color discrimination. Accordingly, the defendant will limit its response to documents in Allen Roebuck's personnel file sufficient to show any complaints of race and color discrimination, hostile work environment based on race or related retaliation, as well as any discipline for such complaints. Consistent with this limitation, there are no documents responsive to this request.

### **Request No. 19**

The complete personnel file of Juan Garcia including employment application, resume, acknowledgments of receipt of employment handbook, performance evaluations, written warnings, complaints, reprimands, salary and benefit information, and any other documents, records, memoranda, notes, or computer printouts which were part of his personnel file at any time; and, if not included in the personnel files, all performance evaluations, formal discipline reports or write-ups, charges or lawsuits of any kind filed against Juan Garcia, and any complaints or reports about him made by any employee or agent of Defendant, or third party (including all communications with any supervisors, managers and Human Resources representatives).

### *Response to Request No. 19*

No responsive documents. To the extent this request seeks additional information, the defendant objects on the basis that it is overly broad, seeks information that is not relevant to any party's claims or defenses in this action, is not proportionate to the needs of this case, and seeks private and confidential information including addresses, social security numbers, financial information, and other personal information. See Fed. R. Civ. P. 26(b)(1). Mr. Garcia's employment history prior to working for the defendant, his job qualifications, and the performance metrics that are specific to his job title are beyond the scope of this case. This case involves the plaintiff's claims that the defendant discriminated against him based on race and color, created a hostile work environment based on race, and retaliated against him for complaints of race and color discrimination. Accordingly, the defendant will limit its response to documents in Juan Garcia's personnel file sufficient to show any complaints of race and color discrimination, hostile

work environment based on race or related retaliation, as well as any discipline for such complaints. Consistent with this limitation, there are no documents responsive to this request.

### Request No. 20

The complete personnel file of Russ Flowers including employment application, resume, acknowledgments of receipt of employment handbook, performance evaluations, written warnings, complaints, reprimands, salary and benefit information, and any other documents, records, memoranda, notes, or computer printouts which were part of his personnel file at any time; and, if not included in the personnel files, all performance evaluations, formal discipline reports or write-ups, charges or lawsuits of any kind filed against Russ Flowers, and any complaints or reports about him made by any employee or agent of Defendant, or third party (including all communications with any supervisors, managers and Human Resources representatives).

### *Response to Request No. 20*

No responsive documents. To the extent this request seeks additional information, the defendant objects on the basis that it is overly broad, seeks information that is not relevant to any party's claims or defenses in this action, is not proportionate to the needs of this case, and seeks private and confidential information including addresses, social security numbers, financial information, and other personal information. See Fed. R. Civ. P. 26(b)(1). Mr. Flowers' employment history prior to working for the defendant, his job qualifications, and the performance metrics that are specific to his job title are beyond the scope of this case. This case involves the plaintiff's claims that the defendant discriminated against him based on race and color, created a hostile work environment based on race, and retaliated against him for complaints of race and color discrimination. Accordingly, the defendant will limit its response to documents in Russ Flowers' personnel file sufficient to show any complaints of race and color discrimination, hostile work environment based on race or related retaliation, as well as any discipline for such complaints. Consistent with this limitation, there are no documents responsive to this request.

### Request No. 21

The complete personnel file of Stephen Bearden including employment application, resume, acknowledgments of receipt of employment handbook, performance evaluations, written warnings, complaints, reprimands, salary and benefit information, and any other documents, records, memoranda, notes, or computer printouts which were part of his personnel file at any time; and, if not included in the personnel files, all performance evaluations, formal discipline reports or write-ups, charges or lawsuits of any kind filed against Stephen Bearden, and any complaints or reports about him made by any employee or agent of Defendant, or third party (including all communications with any supervisors, managers and Human Resources representatives).

*Response to Request No. 21*

To the extent this request seeks additional information, the defendant objects on the basis that it is overly broad, seeks information that is not relevant to any party's claims or defenses in this action, is not proportionate to the needs of this case, and seeks private and confidential information including addresses, social security numbers, financial information, and other personal information. See Fed. R. Civ. P. 26(b)(1). Mr. Bearden's employment history prior to working for the defendant, his job qualifications, and the performance metrics that are specific to his job title are beyond the scope of this case. This case involves the plaintiff's claims that the defendant discriminated against him based on race and color, created a hostile work environment based on race, and retaliated against him for complaints of race and color discrimination. Accordingly, the defendant will limit its response to documents in Stephen Bearden's personnel file sufficient to show any complaints of race and color discrimination, hostile work environment based on race or related retaliation, as well as any discipline for such complaints. Consistent with this limitation, there are no documents responsive to this request.

**Request No. 22**

The complete personnel file of Stacy Wessel including employment application, resume, acknowledgments of receipt of employment handbook, performance evaluations, written warnings, complaints, reprimands, salary and benefit information, and any other documents, records, memoranda, notes, or computer printouts which were part of her personnel file at any time; and, if not included in the personnel files, all performance evaluations, formal discipline reports or write-ups, charges or lawsuits of any kind filed against Stacy Wessel, and any complaints or reports about her made by any employee or agent of Defendant, or third party (including all communications with any supervisors, managers and Human Resources representatives).

*Response to Request No. 22*

To the extent this request seeks additional information, the defendant objects on the basis that it is overly broad, seeks information that is not relevant to any party's claims or defenses in this action, is not proportionate to the needs of this case, and seeks private and confidential information including addresses, social security numbers, financial information, and other personal information. See Fed. R. Civ. P. 26(b)(1). Ms. Wessel's employment history prior to working for the defendant, her job qualifications, and the performance metrics that are specific to her job title are beyond the scope of this case. This case involves the plaintiff's claims that the defendant discriminated against him based on race and color, created a hostile work environment based on race, and retaliated against him for complaints of race and color discrimination. Accordingly, the defendant will limit its response to documents in Stacy's Wessel's personnel file sufficient to show any complaints of race and color discrimination, hostile work environment based on race or related retaliation, as well as any discipline for such complaints. Consistent with this limitation, there are no documents responsive to this request.

**Basis For Motion to Compel**

Defendant has objected to these requests on a number of bases, none of which are compelling. Defendant's suggestion that each request is "overly broad" is unfounded. It is well established that "intoning the 'overly broad and burdensome' litany, without more, does not express a valid objection." *Yon v. Health Info. Designs, Inc.*, 2006 U.S. Dist. LEXIS 107117 (N.D. Fla. 2006) (citing *Mead Corp. v. Riverwood Natural Resources Corp.*, 145 F.R.D. 512, 515 (D. Minn. 1992)). Here, Defendant's "overly broad" objections are not expounded upon whatsoever. Plaintiffs' requests identify a specific individual employed at one point in time by Defendant, specific documents in Defendant's possession, and a time frame of the documents being requested. As such, Defendant's "overly broad" objection cannot be deemed valid.

Defendant further objects to Plaintiffs' request on the grounds that Plaintiffs are seeking information that is not relevant to any party's claims or defenses in this action. Again, this is simply untrue. The core contention of this litigation is that Plaintiffs were discriminated against by Defendant on the basis of their race. Thus, it is necessary to access Defendant's employees' personnel files to determine whether each individual acknowledged and signed Defendant's anti-discrimination, anti-harassment, and anti-retaliation provisions, and whether there were prior infractions of Defendant's policies. *See*, e.g., *Chesak v. Orange County Gov't*, 2007 U.S. Dist. LEXIS 78196, at *6 (M.D. Fla. 2007) (in employment discrimination context, compelling discovery related to Defendant's "policy against discrimination and procedure available for investigating complaints"). To date, Defendant has failed to show that its employees agreed to abide by its policies, whether its employees had previously violated Defendant's policies, and further failed to show how prior instances of discrimination were investigated and handled in comparison to Plaintiffs' claims. As such, these requests clearly seek relevant information.

The next objection claimed by Defendant is that Plaintiffs' requests are not proportionate to the needs of this case. In *McPherson v. Fla. Dep't of Corr.*, 2020 U.S. Dist. LEXIS 227516 (N.D. Fla. 2020), the Northern District considers a request for a Company's employee's personnel file. *See McPherson v. Fla. Dep't of Corr.*, 2020 U.S. Dist. LEXIS 227516 (N.D. Fla. 2020) at *3-4. The Company objected to the discovery request for its employee's personnel file, in part, because the request was not reasonably proportionate to the needs of the case. *See id*. Ultimately, the Northern District overruled this objection, in part, because they ruled the requests for an employee's personnel file "seek information and documents that may be useful to Plaintiff as impeachment evidence at trial against [the employee]. 'Impeachment evidence is a classic example of the type of evidence that should be discoverable in litigation.' *McPherson* at *4 (citing *Jeld-Wen, Inc. v. Nebula Glass Int'l, Inc.*, 2007 U.S. Dist. LEXIS 37134, at *2 (S.D. Fla. May 22, 2007); *Blake v. Batmasian*, 2016 U.S. Dist. LEXIS 99530 at *2 (S.D. Fla. June 23, 2016) (compelling production of relevant personnel files)).

The *McPherson* Court additionally held the following:

> [f]urther, Plaintiff does not have to rely solely on [the Company's] interrogatory responses – he is entitled to examine the relevant documents himself. Second, this Court concludes that [the Company's] conclusory statements do not amount to a showing that production of information and documents relating to a single employee's five-year tenure would impose an undue burden. Third, by virtue of the parties' agreement as to the scope of [the employee's] deposition, 'it cannot be said that permitting discovery into [her] personnel file would be unreasonably cumulative or duplicative.'

*McPherson v. Fla. Dep't of Corr.*, 2020 U.S. Dist. LEXIS 227516 (N.D. Fla. 2020) at *4-5 (citing *Auto-Owners Ins. Co. v. Am. Yachts, Ltd.*, 2006 U.S. Dist. LEXIS 111306 at *7 (S.D. Fla. Aug. 3, 2006)). In this case, the personnel files of the individuals named in Plaintiffs' requests are reasonably proportionate to the needs of the case. As stated in Plaintiffs' Amended Complaint, each individual named played a role in either the discriminatory acts or retaliation against

Plaintiffs. *See* D.E. 22. There is a proportionate need for the named individual's personnel files to determine if they were aware of Defendant's policies, agreed to Defendant's policies, had been previously involved in applying or violating Defendant's policies, or had a record of unlawful behavior during their tenure with Defendant. Thus, Plaintiffs' requests are reasonably proportionate and Defendant's objection is invalid.

With respect to Defendant's final objection, that Plaintiffs' request seeks private and confidential information, Plaintiffs agree to limit their requests as to the complete personnel file of the named individuals absent addresses, social security numbers, and financial information.

## CONCLUSION

Based on the foregoing, Plaintiffs respectfully ask this Court order Defendant to supplement its responses to Plaintiffs' document requests numbered 18-22 to include the entire personnel files, absent addresses, social security numbers, and financial information.

Respectfully submitted,

Dated: Miami, Florida
July 22, 2024,

**DEREK SMITH LAW GROUP, PLLC**
*Counsel for Plaintiffs*

*/s/ Daniel J. Barroukh*
Daniel J. Barroukh, Esq.
Florida Bar No.: 1049271
Derek Smith Law Group, PLLC
520 Brickell Key Drive, Suite O-301
Miami, FL 33131
Tel: (305) 946-1884
Fax: (305) 503-6741
Danielb@dereksmithlaw.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing document is being served on July 22, 2024, on all counsel of record on the service list below via CM/ECF.

*/s/ Daniel J. Barroukh*
Daniel J. Barroukh

## SERVICE LIST

**FISHER & PHILLIPS, LLP**
201 East Last Olas Boulevard, Suite 1700
Fort Lauderdale, Florida, 33301
Telephone: (954) 525-4800
Facsimile: (954) 525-8739

Kenneth A. Knox
Florida Bar No.: 829455
Email: kknox@fisherphillips.com
Fisher & Phillips LLP
Adanna N. Ferguson
Florida Bar No.: 92372
Email: aferguson@fisherphillips.com

*Attorneys for Defendant*