UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ERIC EALY
and DARRELL JAMES,            CASE No.: 4:24-cv-00029-RH-MAF

Plaintiffs,

v.

WEBBER INFRASTRUCTURE
MANAGEMENT, INC. F/K/A FERROVIAL
SERVICES INFRASTRCURE,

    Defendant.
_____/

## DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DISCOVERY RESPONSES

The defendant, Webber Infrastructure Management, Inc. f/k/a Ferrovial Service Infrastructure, Inc., files this Memorandum in Opposition to the Plaintiffs' Motion to Compel.

### SUMMARY OF THE ARGUMENT

The plaintiffs' motion to compel should be denied for two reasons: (1) because it is moot and (2) the issue has already been decided in a factually identical case by another court in the Northern District of Florida.

1

The plaintiffs' motion seeks to compel production of the *entire* personnel files for five of the defendant's employees. The plaintiffs argue that they are entitled to the files because they may contain documents showing the employees' signed acknowledgments that they had notice of and agreed to comply with the defendant's anti-discrimination policies. Those documents exist and the defendant provided them to plaintiffs' counsel yesterday before filing this response. [Exhibit 1]. Therefore, the motion is moot because the plaintiffs already have the documents they seek.

It is also important to note that the parties engaged in several extensive telephone discussions and email exchanges prior to the filing of the motion. Plaintiffs' counsel never once argued that he was entitled to the files because he wanted access to the signed employee acknowledgements. If he had, the defendant would have promptly turned them over, thereby avoiding the time and expense of a motion to compel and the need for a hearing as to the same.

The motion also should be denied because the request is substantively overbroad, and seeks information that is irrelevant and not proportional to the needs of the case. The Northern District in the case of *Dukes v. Geo Corp.*, 2018 WL 11491435 (N.D. Fla. 2018) held in a race discrimination and retaliation case that the plaintiff's request to produce the entire personnel files of defendant's employees was overbroad and sought irrelevant information. Thus, the motion to compel was

denied. Given the identical fact pattern here, the analysis and holding of the *Dukes* case applies.

## THE DEFENDANT TRIED REPEATEDLY TO RESOLVE THIS ISSUE BEFORE THE MOTION WAS FILED

1. On June 17, 2024, plaintiffs' counsel Daniel Barroukh and the defendant conferred telephonically regarding the defendant's discovery responses and objections. At that time, Mr. Barroukh confirmed that the defendant's responses to Request For Production ("RFP") Nos. 18-26, and 30 were sufficient as drafted. [Exhibit 2]. RFP Nos. 18-22 requested the entire personnel files for five of the defendant's employees.

2. On June 18, 2024, Mr. Barroukh stated that there was still a disagreement as to RFP No. 18 which requested the entire personnel file of Allen Roebuck. [Exhibit 3]. Mr. Barroukh asserted that Mr. Roebuck is plaintiffs'' comparator and, therefore, he is entitled to review Mr. Roebuck's entire personnel file.

3. The following day, the defendant responded that Mr. Roebuck is not the plaintiffs' comparator and cited Eleventh Circuit case law as proof of the same. [Exhibit 4].

4. On June 20, 2024, Mr. Barroukh reasserted his request for Mr. Roebuck's file, arguing that even if Mr. Roebuck were not a comparator, the plaintiffs still

are entitled to see his entire personnel file. [Exhibit 5]. In addition, Mr. Barroukh introduced *two new* arguments to justify his request: (1) "Because evidence of previous disciplinary matters and documents evincing racial animus are relevant to establishing circumstantial evidence of racial discrimination, documents concerning these matters contained within the employee's files are discoverable in this case.; and (2) that this is discovery, not summary judgment. Moreover, he asserted these arguments as a basis to renew his request for the other personnel files in RFP Nos. 19-22.

5. On June 21, 2024, the defendant restated its proof that Mr. Roebuck is not plaintiffs' comparator. [Exhibit 6]. Mr. Barroukh was also told that, despite his new arguments, the personnel files were not discoverable because they did not contain *any* disciplinary actions for, or complaints of racial animus. The defendant cited the *Dukes* decision, which is the same case upon which Mr. Barroukh first relied.

6. On July 15, 2024, Mr. Barroukh restated his request for responses to RFP Nos. 18-22 and reemphasized the importance of his third argument: that even if Mr. Roebuck is not a comparator, because this is discovery, not summary judgment, the plaintiffs are entitled to the files. [Exhibit 7].

7. On July 16, 2024, the defendant replied that the plaintiffs' request is still overbroad because the none of the files contain any disciplinary documents

4

or complaints of race-based discrimination, hostile work environment, or retaliation. [Exhibit 8]. Mr. Barroukh was invited to provide any caselaw to the contrary. He did not respond with any caselaw. Instead, he filed the instant motion where, for the first time, he raised his fourth argument that the plaintiffs are entitled to the files because they need to determine whether the employees signed and agreed to the defendant's anti-discrimination, harassment, and retaliation policies

## **MEMORANDUM OF LAW**

The plaintiffs' motion to compel should be denied because this issue already has been decided. See *Dukes v. Geo Grp. Inc*, 2018 WL11491435 (N.D. Fla. 2018). The *Dukes* case is squarely on point because its material facts are indistinguishable from this case.

The plaintiff in *Dukes* alleged that the defendant discriminated against her because of her race and terminated her employment in retaliation for her complaints about race discrimination. During discovery, Dukes requested the entire personnel files for six of the defendant's employees who were identified as potential comparators and witnesses. The Geo Group objected that the request was overbroad and sought information that was: (1) irrelevant to the claims or defenses raised in the action; (2) unnecessarily invaded the privacy rights of a third party;

and (3) not proportional to needs of the case. Dukes argued that she was entitled to the files in their entirety because they were necessary to show comparator data under the *McDonnell Douglas* burden-shifting framework.

The court agreed with Dukes that documents evincing racial animus contained within the personnel files were discoverable and ordered the Geo Group to produce them. *Dukes*, 2018 WL 11491435 at *3 ("Because evidence of previous disciplinary matters and documents evincing racial animus are relevant to establishing circumstantial evidence of racial discrimination, documents concerning these matters contained within the employee's files are discoverable in this case.").

The court did, however, place an important limit on the request, holding that, "Although such evidence is relevant to Plaintiff's claims of racial discrimination and retaliation, Plaintiff's request for the *entire* personnel files of six employees is overbroad." *Id*. at *4. The court took care to note that personnel files often contain private information such as medical files, payroll information, and social security numbers that have no bearing on a race discrimination or retaliation claim.

Here, the plaintiffs' motion to compel should be denied for the same reasons relied on in *Dukes*. The plaintiffs filed an Amended Complaint alleging race

6

discrimination, hostile work environment, and retaliation for complaining about race discrimination. The plaintiffs seek to compel production of the entire personnel files because they may contain signed employee acknowledgements of notice and agreement to follow the defendant's anti-discrimination policies. The defendant has already produced those documents and has repeatedly stated to counsel that no disciplinary actions for, or complaints of racial animus exist in any of the files. Therefore, the only things left for plaintiffs to see are the private, personal documents that are normally contained with an employee's personnel file. The Federal Rules do not permit the plaintiffs to use discovery tools to "go fishing" through this type of information, and the *Dukes* case confirms this to be true. We have arrived at this motion to compel because the plaintiffs' counsel raised three different arguments that had no legal support and, instead of allowing the defendant the opportunity to confer with him on his fourth argument, he came directly to the court.

**WHEREFORE**, based on the foregoing facts and law, the defendant respectfully requests the Honorable Court to enter an order denying Plaintiffs' Motion To Compel Discovery and order the plaintiffs to pay defendant's reasonable attorneys' fees incurred in responding to this motion.

Date: July 25, 2024                                      Respectfully submitted,

                                                                         By: */s/ Kenneth A. Knox*

Kenneth A. Knox, Esquire Fla.
Bar No. 829455
kknox@fisherphillips.com
Adanna N. Ferguson
Fla. Bar No. 92372
aferguson@fisherphillips.com
Fisher & Phillips LLP
201 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, Florida 33301
Telephone (954) 525-4800
Facsimile (954) 525-8739

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on **July 25, 2024**, I electronically filed the foregoing with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Kenneth A. Knox
Kenneth A. Knox, Esq.

## SERVICE LIST

Daniel J. Barroukh, Esquire
Derek Smith Law Group, PPLC
520 Brickell Key Drive
Suite O-301
Miami, FL 33131
Telephone (305) 946-1884
danielb@dereksmithlaw.com