

**Derek Smith Law Group, PLLC**
520 Brickell Key Drive, Suite O-301  |  Miami, Florida 33131
Toll Free: (800) 807-2209  |  Direct: (786) 688-2335
Email: danielb@dereksmithlaw.com
www.discriminationandsexualharassmentlawyers.com
**New York**  |  **New Jersey**  |  **Philadelphia**  |  **Miami**  |  **Los Angeles**  |  **San Francisco**  |  **San Diego**

---

*The information contained in this transmission is privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, do not read it. Please immediately reply to the sender that you have received this communication in error and then delete it. Thank you. If you are a client of this firm and this email is directed to you, please do not forward to any other party, or you could be waiving the attorney-client privilege. Settlement Communication Notice: If this communication pertains to a settlement in any case, all settlement agreements are subject to final client approval and signature by all parties. Any cases and business handled in California are handled exclusively through the distinct entity, Derek Smith Law Group, LLP.

---

**From:** Ferguson, Adanna <aferguson@fisherphillips.com>
**Sent:** Wednesday, June 19, 2024 5:16 PM
**To:** Daniel Barroukh <danielb@dereksmithlaw.com>
**Cc:** Knox, Ken <kknox@fisherphillips.com>; David Rodriguez <David@dereksmithlaw.com>; Kyle MacDonald <kyle@dereksmithlaw.com>; Dunn, Katharine <KDUNN@fisherphillips.com>
**Subject:** RE: Ealy and James v. Ferrovial: plaintiffs' discovery responses

Good Afternoon Daniel,

Thank you for noting the correction as to RFP 18. The correction notwithstanding, and based on the prevailing Eleventh Circuit precedent presented below, it remains the defendant's position that Mr. Roebuck is not the plaintiffs' comparator.

"In a comparator analysis, a plaintiff must show that he and his comparators were 'similarly situated in all material respects.'" *Lewis v. City of Union Cnty., Ga.*, 918 F.3d 1213, 1220-21 (11th Cir. 2019). "In the usual case, a comparator who is 'similarly situated in all material respects' 'will have engaged in the same basic conduct (or misconduct) as the plaintiff'; 'will have been subject to the same employment policy, guideline, or rule'; 'will ordinarily (although not invariably) have been under the jurisdiction of the same supervisor as the plaintiff'; and 'will share the plaintiff's employment or disciplinary history.'" *Hartwell v. Spencer*, 792 Fed.Appx. 687, 693 (11th Cir. 2019) quoting *Lewis v. City of Union Cnty., Ga.*, 918 F.3d at 1227.

For Mr. Roebuck to be the plaintiffs' comparator the plaintiffs must, as a threshold matter, show that he committed the same basic conduct they did but was not suspended or terminated for it. They have not done so. The plaintiffs clearly assert in paragraphs 67 - 75 that they were suspended and terminated because of their interactions with Mr. Garcia on June 14, 2022 (allegedly opposing "Mr. Garcia's racist conduct.") They do not, however, allege that Mr. Roebuck also opposed "Mr. Garcia's racist conduct" but was not terminated because he is white. Based on the Eleventh Circuit's comparator analysis, the plaintiffs were required made this allegation in order for Mr. Roebuck to be their comparator. It is of no consequence that plaintiffs allege in paragraph 61 that they were disciplined for failure to wear a seatbelt and that Mr. Roebuck also failed to wear a seatbelt but was

not disciplined. It is of no consequence because they were not suspended or terminated for failure to wear a seatbelt. In fact, Plaintiffs did not suffer any adverse employment action for failure to wear a seatbelt. Mr. Ealy was merely given a written warning and Mr. James was given no such warning.

Moreover, Mr. Roebuck also cannot be the plaintiffs' comparator because throughout the amended complaint he is the person that the plaintiffs accuse of engaging in the discriminatory and harassing conduct itself. See *Ricks v. InDyne*, Inc., 552 F.Supp.3d 1248, 1262 (N.D. Fla. 2021)("Again, comparators are individuals outside the plaintiff's protected class who engage in the same basic misconduct yet were treated better. They are not the people who engaged in the discrimination itself.").

For these reasons, the defendant maintains its objection to RFP 18.

Respectfully,

**Adanna Ferguson**
Attorney

Fisher & Phillips LLP
201 E. Las Olas Boulevard | Suite 1700 | Ft. Lauderdale, FL 33301
aferguson@fisherphillips.com | O: (954) 847-4714

vCard  |  Bio  |  Website    *On the Front Lines of Workplace Law*[SM]

*This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error, then immediately delete this message.*

---

**From:** Daniel Barroukh <danielb@dereksmithlaw.com>
**Sent:** Tuesday, June 18, 2024 4:26 PM
**To:** Ferguson, Adanna <aferguson@fisherphillips.com>
**Cc:** Knox, Ken <kknox@fisherphillips.com>; David Rodriguez <David@dereksmithlaw.com>; Kyle MacDonald <kyle@dereksmithlaw.com>; Dunn, Katharine <KDUNN@fisherphillips.com>
**Subject:** Re: Ealy and James v. Ferrovial: plaintiffs' discovery responses

Good afternoon Adanna,

Thank you for memorializing our discussion. However, there is one thing that I disagree with in the memorialization. Regarding RFP 18, we disagreed as to whether Allen Roebuck's file was relevant. I believe that he is a comparator, and his personnel file is, as such, relevant to the proceedings. I would like you to reconsider this position regarding RFP 18.

Best
Daniel


**Daniel J. Barroukh, Esq.**
*Admitted in FL