| | |
|---|---|
| **From:** | Ferguson, Adanna |
| **To:** | Daniel Barroukh |
| **Cc:** | Knox, Ken; David Rodriguez; Kyle MacDonald |
| **Subject:** | RE: Ealy and James v. Ferrovial: plaintiffs" discovery responses |
| **Date:** | Friday, June 21, 2024 1:16:23 PM |
| **Attachments:** | image001.png |

Good Afternoon Daniel,

Thank you for email below. As to whether Mr. Roebuck is a comparator, you state in your email that "nowhere in the case law you provided does it state that an employee must engage in the same conduct to be considered a comparator, as it is one of many factors in the analysis." Please see that I noted that *Lewis v. City of Union Cnty., Ga*, 918 F.3d at 1220-21 provides that "a comparator who is 'similarly situated in all material respects' 'will have engaged in the same basic conduct (or misconduct) as the plaintiff …"

During our conferral conference you maintained that Mr. Roebuck's personnel file is discoverable on the ground that he is a comparator to Mr. Ealy and Mr. James. You also maintained that the existence of prior disciplines or complaints for race-based discrimination would also make his personnel file discoverable. The defendant maintains its objection to producing Mr. Roebuck's file because: (1) based on the caselaw I relied on in my email below Mr. Roebuck is not the plaintiffs' comparator and (2) Mr. Roebuck's file does not contain any disciplines or complaints of race-based discrimination.

The case you cite below, *Dukes v. Geo Group Inc*, 2018 WL11491435 (N.D. Fla. Dec. 6, 2018) also bolsters the defendant's position. In that case the plaintiff requested the entire personnel files of the six employees who were identified as potential comparators and witnesses. The court noted that "because evidence of previous disciplinary matters and documents evincing racial animus are relevant to establishing circumstantial evidence of racial discrimination, documents concerning these matters contained within the employee's files are discoverable in this case." *Dukes*, 2018 WL11491435 at *3 . However, the court went further to find that, "Although such evidence is relevant to Plaintiff's claims of racial discrimination and retaliation, Plaintiff's request for the entire personnel files of six employees is overbroad. Plaintiff has not explained why the *entire* personnel files are relevant to the issues in this case" *Id*. at *4. (emphasis included).

Mr. Roebuck's and the four other personnel files you requested (Juan Garcia, Russ Flowers, Stephen Bearden, and Stacy Wessel) do not contain any disciplines or complaints of racial animus. Therefore, based on the case you cited as well as my email below, their personnel files are irrelevant to the issues in this case and, thus, not discoverable. Accordingly, the defendant, maintains its objection to producing all of the requested personnel files.

**Adanna Ferguson**
**Attorney**

Fisher & Phillips LLP
201 E. Las Olas Boulevard | Suite 1700 | Ft. Lauderdale, FL 33301
aferguson@fisherphillips.com | O: (954) 847-4714