IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ERIC EALY et al.,

    Plaintiffs,

v.                                CASE NO. 4:24cv29-RH-MAF

WEBBER INFRASTRUCTURE
MANAGEMENT, INC.,

    Defendant.

_____/

## ORDER COMPELLING DOCUMENT PRODUCTION

This is an employment-discrimination case. The plaintiffs requested production of personnel files of five current or former employees of the defendant. The defendant objected.

After unsuccessful conferral, the plaintiffs moved to compel. In response, the defendant produced statements that four of the employees signed acknowledging notice of, and agreeing to comply with, the defendant's antidiscrimination policies. The fifth employee had signed no such statement. That resolved any dispute about production of the statements.

The defendant said, in substance, that there were no documents in the personnel files relating to allegations of racial discrimination or to the handling of or responses to allegations of racial discrimination by or against anyone. As announced on the record of the hearing on July 25, 2024, this order requires production of any such documents that exist, but if none exist, none can be produced.

As noted on the record of the hearing, employee Allen Roebuck is not a "comparator" for purposes of the misconduct the defendant says caused it to send both plaintiffs home and to terminate one of them. I failed to note at the hearing, though, that Mr. Roebuck may be a comparator on another issue: discipline for not wearing a seatbelt. If a plaintiff and Mr. Roebuck were treated differently in this respect, it may be circumstantial evidence of racially discriminatory intent. *See* Fed. R. Evid. 404(b) (allowing evidence of other acts to show intent); *Anthony v. Georgia*, 69 F.4th 796, 809 (11th Cir. 2023) (Hinkle, J., concurring) ("Much ink can be—indeed has been—spilled over how to identify a proper comparator, but in the end, the most important question is simply this: on any given set of facts, could a reasonable jury conclude that race was a motivating factor in the decision at issue?"). This order thus requires production of any materials in the five personnel files relating to employee discipline—or the absence of discipline—for wearing seatbelts.

Under Federal Rule of Civil Procedure 37(a)(5)(A) and (B), the court "must" order the party that loses a discovery motion or the party's attorney or both to pay the opposing party's reasonable expenses, including attorney's fees, with three exceptions. First, a moving party cannot recover expenses if the party filed the motion before attempting in good faith to obtain the discovery without court action. Second, an award is improper if the losing party's position was "substantially justified." And third, an award is improper if "other circumstances make an award of expenses unjust." Unless one of these conditions is met, an award of expenses is "mandatory." *Devaney v. Cont'l Am. Ins. Co.*, 989 F.2d 1154, 1162 (11th Cir. 1993) (citing *Merritt v. Int'l Bhd. of Boilermakers*, 649 F.2d 1013, 1019 (5th Cir. Unit A June 1981)). A position is "substantially justified" if it results from a "genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (citations, quotation marks, and brackets omitted); *Devaney*, 989 F.2d at 1163.

Here each side's position was substantially justified in part, and the attorneys attempted to resolve the dispute in good faith. An award of expenses would be unjust. This order does not award fees.

IT IS ORDERED:

1. The motion to compel, ECF No. 24, is granted in part and denied in part.

2. By August 9, 2024, the defendant must produce to the plaintiffs all documents in the five personnel files at issue:

    (a) relating to allegations of racial discrimination or to the handling of or responses to allegations of racial discrimination by or against anyone;

    (b) relating to employee discipline—or the absence of discipline—for wearing seatbelts.

3. In all other respects the motion to compel is denied.

SO ORDERED on July 26, 2024.

                              s/Robert L. Hinkle
                              United States District Judge