IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ERIC EALY et al.,

    Plaintiffs,

v.                                  CASE NO. 4:24cv29-RH-MAF

WEBBER INFRASTRUCTURE
MANAGEMENT, INC.,

    Defendant.

_____/

## ORDER FOR PRETRIAL CONFERENCE

This order sets the pretrial schedule. Prior orders remain in place except when inconsistent with this order.

IT IS ORDERED:

1. The jury trial remains set for the two-week period that begins on January 21, 2025.

2. The deadline is December 10, 2024 for an attorney conference to address pretrial matters, stipulate to as many facts and agree on as many issues as possible, and prepare the pretrial stipulation. The plaintiffs' attorney must initiate

arrangements for the conference, but all attorneys are responsible for ensuring that the conference occurs and the requirements are met.

3. At or before the attorney conference, each party must make the disclosures required by Federal Rule of Civil Procedure 26(a)(3). As required by the rule, each party must separately identify witnesses and exhibits the party expects to offer and those the party may offer if the need arises, and each party must designate deposition testimony the party expects to offer. The deadline for objections under Rule 26(a)(3) is seven days later.

4. At or before the attorney conference, each party must provide an attorney for each other party an exact copy of every exhibit that will or may be offered in evidence, marked with a readily identifiable exhibit number. It is not sufficient that a document has been produced during discovery or is on an exhibit list; each exhibit must be provided with a readily identifiable exhibit number.

5. The parties must file a pretrial stipulation by December 20, 2024. The pretrial stipulation must include:

    (a) The basis of federal jurisdiction;

    (b) A brief general statement of each party's case;

    (c) Each party's witness list, separately identifying those the party expects to call and those the party may call if the need arises, and identifying those who will give expert testimony;

(d) Each party's exhibit list, separately identifying those the party expects to offer and those the party may offer if the need arises, and noting all objections.

(e) All stipulations of fact and agreements on issues;

(f) A concise statement of those factual issues that remain to be litigated;

(g) A concise statement of legal issues that remain for determination by the court;

(h) A concise statement of any disagreement on admissibility of evidence or application of the Federal Rule of Civil Procedure or Evidence;

(i) A list of all motions that remain pending;

(j) A statement of whether this is a jury or nonjury case and each side's estimate of the length of trial.

6. Witness and exhibit lists must include rebuttal witnesses and exhibits as well as those that may be offered in a party's case in chief. A witness or exhibit not timely and properly listed will be excluded unless (a) the late discovery or disclosure of the witness or exhibit did not result from lack of diligence, (b) the full substance and import of the evidence is disclosed to all other parties immediately upon discovery of the omission, and (c) the court determines that justice requires admission of the evidence. Evidence not timely and properly disclosed is almost

always excluded. Objections to exhibits are waived unless noted in the pretrial stipulation.

    7. Each party must file a trial brief by December 20, 2024.

    8. Each party must file proposed jury instructions by December 20, 2024. Eleventh Circuit standard instructions should be cited by number without setting out the full text. Preliminary and concluding instructions unrelated to the issues in this case need not be requested.

    9. By a separate notice, the clerk must set a pretrial conference for the first available date on or after December 30, 2024. Each party's lead attorney and each other attorney who will have a significant role in conducting the trial must attend. A ruling may be entered or a hearing may be conducted on any motion that remains pending at the time of the conference.

    SO ORDERED on August 27, 2024.

                                      s/Robert L. Hinkle
                                      United States District Judge